62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerald D. NEWMAN, Petitioner-Appellant,
v.
James NAGLE, Superintendant, Respondent-Appellee.
 No. 94-1296.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 13, 1995.
 
 Before POSNER, Chief Judge, and PELL and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Jerald Newman appeals from the district court's decision denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He claims that his conviction for numerous violations of the Wisconsin Uniform Securities law is void because the Wisconsin state trial court lacked both personal and subject matter jurisdiction to convict him. In his petition, he contends that the special prosecutor was improperly appointed in violation of Sec. 59.44 of the Wisconsin Statutes and that the subsequent filing of the criminal complaint without the proper signatures and without the approval of the district attorney was invalid pursuant to Sec. 968.02. Wis. Stat. Secs. 59.44, 968.02 (1987-88) (Sec. 59.44 repealed in 1989). In addition, Newman alleges that the special prosecutor forged certain motions and orders and filed a false affidavit to show that he was properly appointed and that the state court violated due process by denying Newman's requests for an evidentiary hearing on the matter.
 
 
 2
 A state prisoner may obtain relief through the writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a). A claim alleging that the absence of jurisdiction in the state trial court constituted a due process violation may be cognizable in a habeas corpus petition. See e.g. Bae v. Peters, 950 F.2d 469, 478-79 (7th Cir. 1991) (state indictment must conform with general due process principles). However, a similar allegation which is premised solely on perceived violations of state law is not. Biskup v. McCaughtry, 20 F.3d 245, 247 (7th Cir. 1994) (violations of state law not cognizable in habeas corpus proceeding).
 
 
 3
 Because Newman alleges that the special prosecutor was improperly appointed and that the criminal complaint was invalid based solely on state law grounds, his claims are not cognizable in a petition for a writ of habeas corpus. The district court's denial of the petition is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. The appeal is submitted on the briefs and the record